## APPEAL OF JAMES BUTLER GROCERY CO. ET AL.[1]

### Docket No. 5978. Decided July 26, 1926.

James Butler Grocery Co. owned directly 90 per cent of the voting stock of James Butler, Inc., and the remaining 10 per cent of the stock of the latter was owned by the majority stockholders of the James Butler Grocery Co., who also owned all, or substantially all, of the voting stock of the other four corporations who are also parties to this proceeding. *Held*, that the first two corporations mentioned were affiliated under clause (1) and that the last four corporations mentioned were affiliated under clause (2) of subdivisions (b) and (c), respectively, of section 240 of the Revenue Acts of 1918 and 1921.

*George E. Hamilton, Jr., Esq.*, and *John F. McCarron, Esq.*, for the petitioners.

*Percy S. Crewe, Esq.*, for the Commissioner.

---

[1] The following corporations are also parties to this appeal: James Butler, Inc.; Seminole Condensed Milk Co.; Peerless Construction & Repair Co.; Direct Realty Co.; and Empire City Racing Association.

Before LITTLETON, SMITH, and TRUSSELL.

The petitioners challenge the correctness of the Commissioner's determination of deficiencies in income and profits tax and over-assessments for the fiscal years ending October 31, 1917 to 1921, inclusive, upon the basis of consolidated net income and invested capital of James Butler Grocery Co. and James Butler, Inc., in one group, and the Seminole Condensed Milk Co., the Empire City Racing Association, the Peerless Construction & Repair Co. and the Direct Realty Co. in another group, as follows:

| Year | James Butler Grocery Co. | | James Butler, Inc. | | Seminole Condensed Milk Co. | |
|---|---|---|---|---|---|---|
| | Additional | Over-assessment | Additional | Over-assessment | Additional | Over-assessment |
| 1914 | | | $150.97 | | | |
| 1915 | | | | $613.37 | | |
| 1916 | | | | 1,192.81 | | |
| 1917 | $194.78 | | 6,598.39 | | | |
| 1918 | | $25,117.56 | 10,324.10 | | | $103.46 |
| 1919 | | 4,946.00 | 7,983.80 | | | |
| 1920 | 11,738.58 | | | | $1,390.43 | |
| 1921 | 22,727.74 | | | | 3,858.15 | |
| Total | 34,661.10 | 30,063.56 | 25,057.26 | 1,806.18 | 5,248.58 | 103.46 |
| Net | 4,597.54 | | 23,251.08 | | 5,145.12 | |

| Year | Empire City Racing Assn. | | Peerless Constr. & Repair Co. | | Direct Realty Co. | |
|---|---|---|---|---|---|---|
| | Additional | Over-assessment | Additional | Over-assessment | Additional | Over-assessment |
| 1914 | | | | | | |
| 1915 | | | | | | |
| 1916 | | | | | | |
| 1917 | | | | | | |
| 1918 | $1,124.30 | | $304.32 | | $196.96 | |
| 1919 | | $15,377.62 | 738.08 | | 1,084.58 | |
| 1920 | | 25,378.76 | 670.79 | | 2,115.42 | |
| 1921 | 1,293.33 | | 1,304.32 | | 2,062.43 | |
| Total | 2,417.63 | 40,756.38 | 3,018.11 | | 5,459.39 | |
| Net | | 38,338.75 | 3,018.11 | | 5,459.39 | |

The petitioners contend that the tax liability of the six corporations should have been computed upon the basis of a consolidated return of net income and invested capital for the fiscal years ending October 31, 1917, to October 31, 1921, inclusive.

### FINDINGS OF FACT.

The James Butler Grocery Co. is a New Jersey corporation with principal office at Jersey City. James Butler, Inc., Empire City Racing Association, Peerless Construction & Repair Co., and the Direct Realty Company are New York corporations with principal

offices in New York City. The Seminole Condensed Milk Co. is also a New York corporation with principal office at Holland Patent.

During the fiscal years ending October 31, 1917 to 1921, inclusive, the voting stock of the corporations was owned in the percentages following:

|  | James Butler Grocery Co. | James Butler, Inc. | Seminole Condensed Milk Co. | Peerless Constr. & Repair Co. | Direct Realty Co. | Empire City Racing Assn. |
|---|---|---|---|---|---|---|
| James Butler Grocery Co | 0 | 90 | 0 | 0 | 0 | 0 |
| James Butler | 73½ | 10 | 100 | 100 | 92 | 100 |
| Others | 26½ | 0 | 0 | 0 | 8 | 0 |

Many years ago James Butler began business as a wholesale and retail dealer in groceries. In 1890 he owned and operated, in addition to his wholesale business, twelve retail stores. About this time he adopted the policy of paying to the managers of each of the retail stores in lieu of compensation the profits of the store after five years of faithful service. The business increased rapidly and in 1907 Butler was operating in connection with his wholesale grocery business 171 retail stores. On April 24, 1907, his entire business was incorporated under the laws of New Jersey under the name of James Butler Grocery Co. A corporation known as James Butler, Inc., was organized under the laws of New York to carry on the grocery business in that State by renting the good will and grocery business of the James Butler Grocery Co. in the State of New York. Upon incorporation the capital stock of the James Butler Grocery Co., consisting of 50,000 shares of common and 50,000 shares of preferred stock of the par value of $100 each, was issued to James Butler. The capital stock of James Butler, Inc., consisted of 500 shares of common stock of the par value of $100 each; 450 shares were issued to the James Butler Grocery Co. and 50 shares to James Butler. Twenty shares of the common stock of James Butler Grocery Co. were placed in the names of certain persons in order to qualify them as directors.

On August 2, 1907, James Butler transferred 1,055 shares of the common stock of James Butler Grocery Co. to a number of his relatives on the basis of $10 a share for each share of preferred and one share of common stock. At the same time he transferred 12,160 shares of common stock of this company to certain employees in payment of certain credits to their accounts upon the books of certain stores, representing the profits to which they were entitled under the arrangement previously entered into between those employees and Butler. This left James Butler the owner of 36,785 shares of the common stock of James Butler Grocery Co., or 73½ per cent

of the total outstanding common stock, which remained in that amount throughout the years here in question.

Prior to the fiscal year ending October 31, 1917, and during the period from 1917 to 1921, certain of the employees to whom stock in the James Butler Grocery Co. had been issued discontinued their employment with the company, retaining, however, the stock which they owned. Certain shares of the common stock were sold by those to whom James Butler had transferred it, with the result that during the years here in question the 50,000 shares of common stock were owned as follows:

| November | No. of stockholders | James Butler | Relatives of James Butler | Employees and ex-employees | Relatives of employees and ex-employees | Other outside stockholders |
|---|---|---|---|---|---|---|
| 1917 | 115 | 36,785 | 1,000 | 10,600 | 1,100 | 515 |
| 1918 | 118 | 36,785 | 1,000 | 10,500 | 1,100 | 615 |
| 1919 | 121 | 36,785 | 1,000 | 10,500 | 920 | 795 |
| 1920 | 124 | 36,785 | 1,000 | 10,500 | 920 | 795 |
| 1921 | 124 | 36,785 | 1,000 | 10,500 | 920 | 795 |
| 1922 | 123 | 36,785 | 1,000 | 10,180 | 920 | 1,115 |

Certain stock in varying amounts was voted from time to time by proxies. Certain of the stockholders did not vote their stock either in person or by proxy. At meetings of the stockholders of the James Butler Grocery Co. the number of shares of stock voted in person or by proxies in accordance with the desires of James Butler was as follows:

1917 _____ 42,301  1920 _____ 42,837
1918 _____ 41,615  1921 _____ 41,285
1919 _____ 40,420  1922 _____ 42,855

In 1919 and 1920, 3,060 shares were voted against the majority and in 1922, 2,310 shares were so voted. The largest stockholder, with the exception of James Butler, was one Martin E. Roache, formerly vice president and a director of James Butler Grocery Co., who owned 1,250 shares. Roache was one of the stockholders who opposed the policies of James Butler.

Since incorporation James Butler has been president and a director of all of the companies. With one exception, the James Butler Grocery Co. and James Butler, Inc., were governed by the same officers and directors. No objection was interposed at any of the directors' meetings during the period 1917 to 1921, inclusive, to the policies advocated by James Butler.

### OPINION.

LITTLETON: The petitioners contend that James Butler owned or controlled the stock of the six companies hereinbefore mentioned and

that the Commissioner should, therefore, have held that all of the companies were affiliated. The Commissioner held that James Butler Grocery Co. owned or controlled substantially all of the stock of James Butler, Inc., and that these two companies were affiliated with each other but not with the other four companies in which James Butler owned all or substantially all of the stock; that the Seminole Condensed Milk Co., Peerless Construction & Repair Co., Direct Realty Co. and the Empire City Racing Association were affiliated with one another for the reason that substantially all of the stock was owned or controlled by James Butler.

At the hearing and in his brief the Commissioner contended that he was in error in holding that James Butler Grocery Co. and James Butler, Inc., were affiliated with each other and that the Board should hold that the net income and invested capital of these two companies should be computed upon the basis of separate returns for the years involved, for the reason that James Butler did not own or control substantially all of the stock of the James Butler Grocery Co. and that the stock of this company and James Butler, Inc., was not owned or controlled by the same interests.

No question is raised by any of the parties as to the correctness of the Commissioner's determination that the Seminole Condensed Milk Co., Peerless Construction & Repair Co., Direct Realty Co., and the Empire City Racing Association were affiliated with one another, since substantially all of the stock of those companies was owned by James Butler. The statute provides that corporations shall be deemed to be affiliated if one corporation owns directly or controls through closely affiliated interests substantially all of the stock of the other. The James Butler Grocery Co. owned directly 90 per cent of the voting stock of James Butler, Inc., and in the circumstances of this appeal we are of the opinion that it controlled the 10 per cent owned by James Butler. In view of this fact it is immaterial that certain stockholders of James Butler Grocery Co. were not stockholders of James Butler, Inc., and the Commissioner therefore correctly held that these two companies were affiliated.

The Board is also of the opinion that the Commissioner correctly held that James Butler Grocery Co. and James Butler, Inc., were not affiliated with the other four corporations. The evidence does not warrant the conclusion contended for by the taxpayers that the stock of the six companies was owned and controlled by James Butler, or that substantially all of the stock of the six companies was owned or controlled by the same interests, within the meaning of the statute. The James Butler Grocery Company controlled substantially all of the stock of James Butler, Inc., but had no control over the stock of the other four corporations. James Butler owned substantially all of the stock of four of the corporations but did not

own or control substantially all of the stock of either James Butler Grocery Co. or James Butler, Inc., and the minority stockholders owning a substantial amount of stock in James Butler Grocery Co. owned no stock in any of the other five corporations. We believe, therefore, that the Commissioner's determination should be affirmed.

*Judgment for the Commissioner.*